UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENIS DAGOBERTO DUARTE
CANTARERO,

        Petitioner,

    v.                    Case No.:  2:26-cv-00189-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al.*,

        Respondents,

_____/

## OPINION AND ORDER

Before the Court are Denis Dagoberto Duarte Cantarero's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 9), and Duarte Cantarero's reply (Doc. 10).  For the below reasons, the Court grants the petition.

Duarte Cantarero is a native and citizen of Honduras who entered the United States without inspection in 2006.  In 2025, he filed an application for T Nonimmigrant Status as a victim of trafficking.  It remains pending.  On January 7, 2026, local police arrested Duarte Cantarero for driving without a license.  After Duarte Cantarero posted bail, he was transferred to the custody of Immigration and Customs Enforcement ("ICE").  Over the next three days, ICE officers pressured Duarte Cantarero to abandon his pending application

and self-deport.  He was later transferred to Alligator Alcatraz, where he remains detained without an opportunity to seek release on bond.  He describes dismal conditions there—limited access to showers, hygiene items, and phones, severely delayed medical care, constant shackles, and foul-tasting drinking water.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Duarte Cantarero.  The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge.  Duarte Cantarero asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.[1]

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing.  As the respondents acknowledge, the Court rejected their arguments in cases that presented the

---

[1] Duarte Cantarero also challenges the lawfulness of the conditions of his confinement, the coercive conduct of ICE officials, and their attempt to interfere with his T nonimmigrant application.  Claims challenging the conditions of confinement, rather than the fact or duration of confinement, are not grounds for habeas relief.  *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015).  What is more, the Court does not find the prior conduct of ICE officials relevant to the narrow issue presented in this habeas action—whether Duarte Cantarero's current detention violates federal law.

same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Duarte Cantarero's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Duarte Cantarero has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Duarte Cantarero before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Duarte Cantarero to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Duarte Cantarero receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Denis Dagoberto Duarte Cantarero's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Duarte Cantarero for an individualized bond hearing before an immigration judge or (2) release Duarte Cantarero under reasonable conditions of supervision.  If the respondents release Duarte Cantarero, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

4